

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Daniel A. Schnapp**
*Partner*
T 212-940-3026
dschnapp@nixonpeabody.com

Tower 46
55 West 46th Street
New York, NY 10036-4120
212-940-3000

January 31, 2020

MEMO ENDORSED

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

RE: _**Abkco Music & Records, Inc., et al v. Coda Publishing, Ltd., et al**_, No. 1:19-cv-11892

Dear Judge Failla:

This Firm represents Defendants Coda Publishing, Ltd., Robert Kirk Carruthers, Clare Anne Gambold, Gwilym Michael Davies and Vision Films, Inc. (collectively, "Defendants") in the above-referenced matter.

Pursuant to Rule 3(C) of Your Honor's Individual Rules, we respectfully submit this letter motion to request an Order directing Plaintiffs Abkco Music & Records, Inc., Abkco Music, Inc., UMG Recordings, Inc., Universal – Songs of Polygram International, Inc., Polygram Publishing, Inc., Songs of Universal, Inc. and Universal Music Corp. (collectively, "Plaintiffs"), to file a more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure ("FRCP").

As set forth herein, Plaintiffs' Complaint, as filed, is so vague and ambiguous, particularly as to critical threshold issues such as Plaintiffs' actual ownership and registration of the various copyrights at issue, the identification of what copyrights are alleged to have been infringed, and in what films, that Defendants cannot reasonably prepare a response to the Complaint, and this Court should not be forced to adjudicate Plaintiffs' claims. In addition, as set forth herein, Defendants also require a more definite statement to determine whether this Court has personal jurisdiction over Defendants, and whether venue is proper in this District.[1]

---

[1] A true and correct copy of Plaintiffs' Complaint is annexed hereto as Exhibit "1". Defendants reserve the right to move to dismiss on several potential grounds, including, without limitation, lack of personal jurisdiction.

4837-6605-4323.6

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

In the alternative, Defendants respectfully request that the Court issue an Order directing limited expedited discovery on the same issues of copyright ownership and, and stay Defendants' time to respond to the Complaint until such expedited discovery is complete.

## Introduction

Plaintiffs' Complaint appears to allege that Defendants infringed on various copyrights listed on an "Exhibit A" attached to Plaintiffs' Complaint[2]. Plaintiffs' Complaint itself vaguely refers to "Content," defined as "certain musical compositions, master records, and films owned and/or controlled by Plaintiffs" (Compl. Pg. 2) and "Infringing films," defined as "audio visual products which embody the Content" (Id.), but the Complaint does not identify *what* specific registrations, the registration numbers, or *how* the films allegedly infringe Plaintiffs' copyrights.

Plaintiffs are apparently comprised of seven (7) different entities. Plaintiffs have made no effort whatsoever in their Complaint to identify which of the Plaintiff entities own what copyright, but instead lump together the various Plaintiff entities, several of which, upon information and belief, lack common identity or ownership. Although Plaintiffs claim that "Exhibit A" to the Complaint is a list of "Plaintiffs' Content that has been infringed by Defendants," Exhibit A appears to include content that is not owned by any of the named Plaintiffs. For example, Exhibit A identifies "Content" allegedly owned by UNICEF Sweden, HST Publishing, Ltd., Rouge Booze, Inc., Big Pig Music, Ltd., Moebetoblame Music, and Capital Records, Inc.—none of which are named Plaintiffs in this case.

Further, all of the alleged infringing films only utilize live performances by the various musical artists featured in the subject films, not master recordings, which immediately raises significant doubts about what copyrights the Plaintiffs claim to have been infringed, or whether any infringement actually occurred.

As a result, Plaintiffs have failed to provide this Court or Defendants with adequate notice of the nature of the alleged infringement sufficient to satisfy FRCP 8(a). Indeed, Defendants cannot determine if Plaintiffs' copyrights are even registered, or when such registration occurred, which would, for example, permit Defendants to determine whether certain of the alleged musical compositions are in the public domain.

## Legal Standard

FRCP 8(a) requires that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief…." Under this Rule, a pleading "must provide the court and the defendant with "fair notice of what … the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

---

[2] A true and correct copy of "Exhibit A" to Plaintiffs' Complaint is annexed hereto as Exhibit "2".

4837-6605-4323.6

Although a complaint need not correctly plead every legal theory supporting the claim, at the very least, plaintiff must set forth facts that will allow each party to tailor its discovery to prepare an appropriate defense. Lennon v. Nokia, Inc., No. 07 Civ. 343, 2009 WL 773309, at *9 n. ll (S.D.N.Y. March 24, 2009)

Where a complaint names multiple parties, the complaint should provide a plausible factual basis to distinguish between the parties in order to meet Rule 8(a)'s notice-pleading requirements. See Elias v. City of New York, No. 10–CV–5495, 2010 WL 5475809 (E.D.N.Y. Dec. 30, 2010); Southerland v. N.Y.C. Housing Auth., No. 10–CV–5243, 2010 WL 4916935 (E.D.N.Y. Nov. 23, 2010); Medina v. Bauer, No. 02–CV–8837, 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004).

FRCP 12(e) authorizes a court to order a party to provide a more definite statement where the original pleading "is so vague or ambiguous that the [responding] party cannot reasonably prepare a response."

## Plaintiffs Should Be Ordered to File a More Definite Statement

Courts in this and other Districts have routinely compelled a more definite statement where a complaint does not identify exactly which works the defendants are alleged to have infringed. Agilent Techs., Inc. v. Micromuse, Inc., 2004 WL 2346152 (No. 04 CIV. 3090) (S.D.N.Y. Oct. 19, 2004) (granting motion for more definite statement, ruling that Defendants are "entitled to know which of its products or services are alleged to have infringed" Plaintiffs' copyrights); Four Navy Seals & Jane Doe v. AP, 413 F. Supp. 2d 1136, 1147-48 (S.D. Cal. 2005) (granting implied motion to compel a more definite statement where the complaint did not identify exactly which works the defendant was alleged to have infringed.); Proline Concrete Tools, Inc. v. Dennis, 2008 U.S. Dist. LEXIS 125601, *7 (S.D. Cal. August 18, 2008) ("In the case of an action predicated solely on a particular work or works allegedly protected by and misappropriated under copyright law, this court finds it is objectively unreasonable for a plaintiff to refuse to identify with any specificity whatsoever item(s) sought to be placed in issue from among an undifferentiated and undoubtedly large universe of potential designs…").

A motion for a more definite statement is *particularly appropriate* in intellectual property cases where the plaintiff must first specifically identify the intellectual property rights claimed. See Eberhart Investment Associates, Inc. v. Santino, 01 Civ. 3840 (LMM) 2003 WL 22126846 at *5 (S.D.N.Y. Sept. 12, 2003) (granting motion for more definite statement where Plaintiff failed to adequately spell out trade secret claims) (emphasis supplied); MTV Networks v. Curry, 867 F.Supp. 202, 208 (S.D.N.Y. 1994) (motion granted where it was unclear whether alleged unfair competition involved dispute over "MTV.COM"); Sanitized, Inc. v. S. C. Johnson & Sons, Inc. 23 F.R.D. 230, 233 (S.D.N.Y. 1959) (motion granted where trademark claims were pled with so little specificity that court held that movant "cannot reasonably be required to frame a responsive pleading").

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Here, Plaintiffs' Complaint is so vague and ambiguous as to threshold issues of actual registration and ownership of the alleged copyrights at issue that Defendants should not be required to respond to the Complaint absent a more definite statement. Defendants are entitled to know which copyrights they are being accused of infringing, whether Plaintiffs (and which Plaintiff) owns the copyrights, the nature of the alleged infringement, or if and when the copyrights have even been registered in accordance with federal copyright law.

In addition, Defendants Coda Publishing, Ltd., Robert Kirk Carruthers, Clare Anne Gambold, Gwilym Michael Davies are alleged in the Complaint to be foreign defendants located in the United Kingdom, and Defendant Vision Films, Inc. is alleged to be a California corporation with offices in California. All of the Plaintiff entities except for Plaintiffs Abkco Music & Records, Inc., Abkco Music, Inc. are alleged to be California corporations with their principal offices in California.

In order to evaluate whether personal jurisdiction exists over Defendants, and whether venue is proper in this District, Defendants require a more definite statement as to how general jurisdiction exists over the foreign defendants, how alleged acts of copyright infringement by these foreign defendants injured California entities in New York for purposes of specific jurisdiction, how Plaintiffs claim that Defendants have earned "substantial revenue" from Defendants' alleged activities in New York, and whether this is the proper venue for the adjudication of Plaintiffs' claims.

### In the Alternative, this Court Should Direct Expedited Discovery

In the alternative, this Court should direct expedited discovery on these same issues prior to Defendants filing a responsive pleading. In particular, Defendants request that the Court permit limited document discovery, interrogatories, and, if necessary, limited depositions, in order to determine sufficient information to frame their response. Such limited, expedited discovery would preserve the resources of the Court and the parties, so that the Complaint, if not dismissed, will contain sufficient notice pleading to permit the parties to conduct more productive and fruitful discovery on any remaining factual allegations.

### Conclusion

For the foregoing reasons, Defendants respectfully request that this Court issue an Order directing Plaintiffs to file a more definite statement, or in the alternative, that this Court direct limited expedited discovery, prior to Defendants' responsive pleading.

4837-6605-4323.6

We are available to discuss these matters with the Court at its convenience. We thank the Court for its attention to these matters.

Respectfully Submitted,

/s/ Daniel A. Schnapp

Daniel A. Schnapp

Cc: Michael B. Kramer, Esq.

The Court is in receipt of the above January 31, 2020 letter form Defendants (Dkt. #34). Plaintiffs are ORDERED to respond to such letter on or before **February 7, 2020**. Defendants time to file a responsive pleading is hereby STAYED until the Court resolves the pending Rule 12(e) motion.

Dated: February 3, 2020      SO ORDERED.
       New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE