UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABKCO MUSIC & RECORDS, INC., ABKCO MUSIC, INC., UMG RECORDINGS, INC., UNIVERSAL - SONGS OF POLYGRAM INTERNATIONAL, INC., POLYGRAM PUBLISHING, INC., SONGS OF UNIVERSAL, INC., UNIVERSAL MUSIC CORP., and CAPITOL RECORDS, LLC,<br><br>                Plaintiffs,<br><br>                -v.-<br><br>CODA PUBLISHING, LTD., ROBERT KIRK CARRUTHERS, CLARE ANNE GAMBOLD, and GWILYM MICHAEL DAVIES,<br><br>                Defendants. | 19 Civ. 11892 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

In an order issued on February 4, 2026 (Dkt. #257), the Court resolved numerous open motions in this case — including, as relevant here, the parties' cross-motions for summary judgment on Plaintiffs' copyright claims. Among other things, the Court granted in part Plaintiffs' motion for summary judgment on the issue of copyright infringement with respect to all but one of the proffered works, and with respect to all Defendants except Clare Gambold, and denied Defendants' cross-motion for summary judgment. (Dkt. #258 (transcript of oral decision)).

After conducting an Article III standing analysis, the Court denied Plaintiffs' motion for summary judgment with respect to the musical composition "Higher Ground," which was included in two videos featuring the music of the Red Hot Chili Peppers (the "RHCP Videos"), and granted

Defendants' motion with respect to the same composition.  In brief, the Court found that Plaintiffs lacked standing to bring a claim of copyright infringement because the composition was identified in the RHCP Videos as being performed by a cover band, appropriately named "Chillied Out."  However, in a letter dated February 25, 2026, Plaintiffs asked the Court to revisit its standing decision, noting that the attributions to Chillied Out in the RHCP Videos were false, and that what was actually playing in the videos was the studio master recording of the composition by the Red Hot Chili Peppers, as to which composition Plaintiff Songs of Universal, Inc., has exclusive right to issue universe-wide synchronization licenses.  (Dkt. #260).  Defendants have not to date disputed this new information.

Had the Court known that the attributions in the RHCP Videos were erroneous (or, worse yet, deliberately false), it would have granted summary judgment in favor of Plaintiffs as to this composition as well, and denied summary judgment in favor of Defendants.  The question that remains is whether there is a procedural vehicle through which this can be achieved — a question the Court asks because Plaintiffs' submission is not clear on the issue.  Local Civil Rule 6.3 of the Joint Local Rules of the Southern and Eastern Districts of New York provides that, "[u]nless otherwise provided by the court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged."  Local R. 6.3.  "Although courts may excuse an untimely filing, there generally must be good cause to do so."  *United States* v.

2

*Okparaeke*, No. 17 Cr. 225 (NSR), 2019 WL 4233427, at *2 (S.D.N.Y. Sept. 6, 2019) (citing *Davidson* v. *Scully*, 172 F. Supp. 2d 458, 462-63 (S.D.N.Y. 2001)); *Richman* v. *W.L. Gore & Assocs., Inc.*, 988 F. Supp. 753, 755 (S.D.N.Y. 1997) ("In this District, Local Rule 6.3 (formerly Local Rule 3(j)) requires a party to submit a motion to reconsider a decision within ten days of the docketing of the Court's original determination, unless the movant presents a compelling reason to ignore the time limit." (citing *Baden* v. *Koch*, 799 F.2d 825, 828 (2d Cir. 1986))).  Plaintiffs have not articulated what, if any, compelling reasons prevented them from requesting reconsideration within the 14-day period specified by the Local Rule, and thus to the extent their motion is to be construed as one for reconsideration, it would appear to be untimely.

By contrast, Federal Rule of Civil Procedure 60(b)(1) allows the Court to relieve a party from a "final judgment, order, or proceeding" in situations involving "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Any such motion would "must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  However, by its terms, the rule applies only to final orders, and the Court's February 4 Order would seem to be interlocutory.  *See Murphy* v. *City of Elmira*, No. 18 Civ. 6572 (FPG), 2024 WL 242494, at *1 (W.D.N.Y. Jan. 23, 2024) ("In a case with more than one claim for relief or multiple parties, an adjudication as to one or more but fewer than all of the parties or claims — such as an order granting in part and denying in part a motion for summary judgment — is

3

interlocutory unless the court directs entry of final judgment after expressly determining that there is no just reason for delay." (citing Fed. R. Civ. P. 54(b)).

Accordingly, the Court directs Plaintiffs to submit a letter brief detailing the legal support, if any, for their requested relief on or before **March 31, 2026**. While the time for Defendants to challenge Plaintiffs' factual assertions regarding the composition have passed, they may respond to Plaintiffs' legal positions by letter brief on or before **April 14, 2026**. Any party submitting a letter brief on this issue should engage meaningfully with the Court's preliminary analysis presented in this Order.

SO ORDERED.

Dated:    March 13, 2026
          New York, New York

KATHERINE POLK FAILLA
United States District Judge

4