Robert Carruthers

Defendant, pro se

Kirk House, Green Lane, Bosham, PO18 8NT

Rkcarruthers@gmail.com, Tel 07711556595

May 11, 2026

**BY ECF**

The Honorable Katherine Polk Failla

United States District Judge

United States District Court

Southern District of New York

40 Foley Square

New York, NY 10007



**Re:** ABKCO Music, Inc. et al. v. Sagan et al., No. 19-cv-11892 (KPF)

**Letter-Motion for Permission to Submit Separate Pro Se Letter-Motion in Response to Docket No. 270; Challenge to Mr. Ray's Authority and Candor**

Dear Judge Failla:

I write respectfully as Defendant Robert Carruthers, appearing pro se.

I write further to the Court's Memo Endorsement at Docket No. 270, which directed the parties to submit a joint letter and further directed the parties to provide their perspectives on whether trial should be bifurcated in light of the issue of liability that must be resolved with respect to Defendant Clare Carruthers/Gambold.

I respectfully request permission to submit my own separate pro se letter-motion in response to Docket No. 270. I also respectfully request that I not be deemed to have joined in, ratified, accepted, or endorsed any position advanced, omitted, negotiated, or agreed by Mr. Joshua Ray, Candey Ltd, Plaintiffs, or any other party unless I expressly do so in writing.

The reason is urgent and fundamental. The joint-letter process cannot presently proceed on a candid, fair, or legally reliable basis. Mr. Ray is not acting for Defendant Clare Carruthers/Gambold. He is also not acting for Defendant Gwilym Davies. Candey Ltd and Mr. Ray have served notice that they are no longer acting for those UK defendants, and Mr. Ray has confirmed in writing that he will file a further motion to withdraw.

In those circumstances, it would be unconscionable to bind Clare Carruthers/Gambold or Gwilym Davies to any position stated, omitted, negotiated, or agreed by Mr. Ray. He cannot at the same time say that he is no longer acting and yet purport to speak for them, negotiate for them, or allow their rights to be affected by a supposed joint position filed with the Court.

This is particularly serious because Clare Carruthers/Gambold and Gwilym Davies are UK citizens. The contracts and retainers at issue were drafted and signed in the United Kingdom, by UK citizens, with a UK law firm, under UK law. The law governing the formation, validity, authority, and termination of those contracts is UK law, not US law. On my case, the relevant CFA/retainer was void ab initio, alternatively invalid, unauthorised, and incapable of binding the relevant defendants in the manner now implied.

Mr. Ray is put to strict proof of his authority. My position is that he has never lawfully been entitled to represent me, Coda Publishing Ltd, Clare Gambold/Carruthers, or Gwilym Davies. There was no signed letter of engagement or CFA on 22 November 2022. On that day, Coda Publishing Ltd entered compulsory liquidation by Order of the High Court. I was present in the High Court, Manchester District Registry, before District Judge Blakeborough, as director of Coda Publishing Ltd. No one signed any agreement that day.

The agreement was not signed until 19 December 2022. By that date, Coda Publishing Ltd was already in compulsory liquidation and under the control of the Official Receiver. Former directors no longer had authority to bind the company

1

to a new CFA or retainer. On my case, the CFA was therefore void ab initio, alternatively invalid and unauthorised. That is the reason why the Official Receiver refused to recognise the CFA.

Nor could Clare Gambold/Carruthers have signed or authorised any agreement for or on behalf of Coda Publishing Ltd. She had resigned as a de jure director approximately nine years earlier, as the TM01 filed at Companies House proves. Gwilym Davies was never at any time a de jure director of Coda Publishing Ltd. He had no statutory authority to bind the company. A person cannot be made a director by description, title, assumption, or litigation convenience. Directorship is a legal status, and the Companies House record is decisive.

Mr. Ray cannot rely on the mere fact of his appearance on the US docket to override the underlying UK-law position. If the UK-law contract of retainer was void ab initio, or if it has been terminated, then Mr. Ray has no proper foundation to bind UK citizens in a US proceeding by negotiation, omission, silence, or participation in a joint letter.

I am particularly concerned that Mr. Ray is negotiating, or has negotiated, with Mr. Michael Kramer, counsel for the Plaintiffs, while no longer acting for Clare Carruthers/Gambold or Gwilym Davies and while his own authority is disputed. That is unconscionable. Any such negotiation risks creating the false appearance that those defendants remain represented and bound, when they are not.

The Court's Docket No. 270 Order specifically concerns whether trial should be bifurcated because liability remains unresolved as to Clare Carruthers/Gambold. That makes the representation issue foundational. The very defendant whose liability remains unresolved is not presently represented by Mr. Ray. Her position cannot properly be supplied by a lawyer who has served notice that he is no longer acting and who has confirmed that he intends to withdraw.

Clare Carruthers/Gambold is my wife. She is not mentally capable of dealing with these proceedings or the issues now arising in them. I have applied to the Office of the Public Guardian in the United Kingdom for a Lasting Power of Attorney so that I may be authorised to deal with matters on her behalf. I am informed that this is a lengthy bureaucratic process which may take up to approximately ten weeks. Until that process is completed, I cannot properly purport to act as her legal representative. Equally, Mr. Ray cannot properly be treated as acting for her when he is not.

This places me in an impossible position. I am a pro se defendant. I cannot speak for Clare Carruthers/Gambold unless and until I obtain the necessary legal authority. I cannot speak for Gwilym Davies. I cannot compel Mr. Ray to act for them. I also cannot participate in a joint letter that validates, ratifies, or conceals what I know to be a defective representation position.

Mr. Ray is further put to strict proof that, in or about October/November 2021, he was a partner in the UK law firm Rahman Ravelli and was lawfully entitled to describe himself as such. I am informed by the Solicitors Regulation Authority that Mr. Ray does not appear on the UK solicitors register. I am prepared to provide the Court with the open letter to Mr. Ray, which I was required to serve as part of the pre-action protocol process governing professional negligence claims in the United Kingdom. That letter is directly relevant because Mr. Ray's authority, professional status, candor, and duties are now directly in issue. It would be unconscionable to permit any position advanced, omitted, negotiated, or agreed by Mr. Ray to bind unrepresented UK defendants unless his actual authority is first proved, particularly while UK professional negligence proceedings concerning that same authority and conduct are underway.

I have also begun UK proceedings against Mr. Ray for professional negligence and breach of duty arising out of these matters. Mr. Ray has made no reply. I also intend to bring proceedings against Candey Ltd and Rahman Ravelli in respect of these matters. These facts further demonstrate why the present position is untenable. Mr. Ray's own conduct, authority, retainer, candor, and duties are now directly in issue. He cannot fairly be treated as able to speak for Clare Carruthers/Gambold or Gwilym Davies, nor can any negotiation by him with Mr. Kramer be treated as binding upon them, unless actual authority is first proved.

Nor can I participate in any process that appears to vindicate what I believe to be a fraud on the Court. If a joint letter is filed on the basis that Mr. Ray speaks for all relevant defendants, that would be false. If I join such a letter, I risk appearing to ratify a position I know to be legally and factually wrong. If I refuse to join, I risk being treated as non-cooperative. That is an impossible and unfair position for a pro se defendant.

**Accordingly, I respectfully request that the Court:**

1. permit me to submit my own separate pro se letter-motion in response to Docket No. 270;

2. direct that I am not deemed to have joined, ratified, accepted, or endorsed any position advanced, omitted, negotiated, or agreed by Mr. Ray, Candey Ltd, Plaintiffs, or any other party unless I expressly do so in writing;

3. direct that no position advanced, omitted, negotiated, or agreed by Mr. Ray be treated as binding on Clare Gambold/Carruthers or Gwilym Davies unless Mr. Ray first proves actual authority;

4. require Mr. Ray and Candey Ltd to produce any alleged letter of engagement, CFA, or retainer said to have existed on 22 November 2022;

5. require Mr. Ray and Candey Ltd to identify who allegedly signed any such agreement, in what capacity, and with what authority;

6. require Mr. Ray and Candey Ltd to explain why the agreement was not void ab initio given that it was signed on 19 December 2022, after Coda Publishing Ltd had entered compulsory liquidation;

7. require Mr. Ray and Candey Ltd to explain how Clare Gambold/Carruthers could have authorised anything for Coda Publishing Ltd when she had resigned as a de jure director approximately nine years earlier;

8. require Mr. Ray and Candey Ltd to explain how Gwilym Davies could have authorised anything for Coda Publishing Ltd when he was never a de jure director;

9. require Mr. Ray to state whether he was a partner in the UK law firm Rahman Ravelli in or about October/November 2021, whether he was lawfully entitled to describe himself as such, and what UK regulatory, partnership, LLP, SRA, Companies House, or other record supports that description;

10. require Mr. Ray to address the Solicitors Regulation Authority confirmation that he does not appear on the UK solicitors register;

11. require Mr. Ray and Candey Ltd to state whether Mr. Ray has been negotiating with Mr. Kramer after serving notice that he was no longer acting, and if so on whose authority;

12. require Mr. Ray and Candey Ltd to disclose whether Mr. Ray has responded to the UK professional negligence/breach of duty proceedings or pre-action protocol correspondence; and

13. suspend or modify the joint-letter requirement under Docket No. 270 until these authority, conflict, and representation issues are resolved.

This is not a routine issue of withdrawal. It concerns whether a UK-law CFA was void ab initio, whether Mr. Ray ever had valid authority to act, whether he has continued to negotiate after serving notice that he is no longer acting, whether UK citizens are being exposed to procedural consequences through a defective retainer, whether his own professional status was accurately represented, and whether Candey Ltd, Rahman Ravelli, and Mr. Ray are now themselves in an adverse position to the Defendants.

It is unconscionable to bind Clare Carruthers/Gambold or Gwilym Davies to any position advanced, omitted, negotiated, or agreed by Mr. Ray unless actual authority is first proved. It is equally unconscionable for any negotiation with Mr. Kramer to be treated as binding upon them unless actual authority is proved.

The Court is entitled to a candid record before deciding how the case should proceed, including whether trial should be bifurcated. I therefore respectfully request permission to submit my own separate pro se letter-motion and to protect my position without being treated as endorsing, ratifying, or acquiescing in a defective and misleading representation position.

Respectfully submitted,


Robert Carruthers

Defendant, pro se

Application DENIED.

Defendant Robert Carruthers is advised that a joint letter simply means one submission to the Court including the views of every party.  Mr. Carruthers is allowed to submit a different view in the joint letter from the other Defendants and parties.  Mr. Carruthers is therefore directed to communicate his views to the attorneys involved in this case and agree as to the scrivener of a joint submission.

Mr. Carruthers is further advised that while he is proceeding *pro se*, he does not and cannot represent the other Defendants in this case, including Clare Carruthers/Gambold and Gwilym Davies. Because the Court did not grant his motion to withdraw from their representation, Mr. Joshua Ray remains counsel to Ms. Carruthers/Gambold and Mr. Davies.

The Clerk of Court is directed to terminate the pending motion at docket entry 271.  Given the potential confusion caused by Mr. Carruthers's above-letter, the deadline for the parties to file their joint submission is hereby ADJOURNED to **May 20, 2026.**

Dated:    May 14, 2026          SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE