USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 07/10/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABKCO MUSIC & RECORDS, INC., et al.,

Plaintiffs,

-against-

CODA PUBLISHING, LTD., et al.,

Defendants.

19-CV-11892 (KPF) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Since the Court issued its last order (Dkt. 303), less than 24 hours ago, it has received – by email – two additional lengthy and querulous missives from defendant Robert Carruthers, and a shorter email from plaintiffs' counsel, Michael B. Kramer, asking that the Court "finally put an end to this[.]" All three emails are attached to this Order. All three are improper.

In Mr. Carruthers's first email, which arrived at 6:58 a.m. today, he rejects the dates proposed by plaintiffs' counsel for the upcoming settlement conference; offers different dates; asks the Court to reconsider "whether the settlement conference should be conducted remotely"; and complains (again) about plaintiffs' counsel's characterization of the not-yet-scheduled settlement conference.

In Mr. Carruthers's second email, which arrived at 2:47 p.m., he attaches and critiques a scheduling email he received hours earlier (at 12:38 p.m. New York time) from plaintiffs' counsel. In that scheduling email, attorney Kramer proposed "any days during the week of September 28, 2026" for the settlement conference, and wrote, "I understand that those dates are fine with the defendant Clare Gambold Carruthers." According to Mr. Carruthers, it was improper for Mr. Kramer to make that statement because Ms. Carruthers "is an independent defendant" and "Mr. Kramer does not represent her" and "has no authority to speak for her." Mr. Carruthers goes on to speak for Ms. Carruthers at length, both as to her availability for a settlement conference and as to

her health, notwithstanding that he too "does not represent her." Mr. Carruthers then makes yet another request (this time, on behalf of himself and Ms. Carruthers) that the settlement conference be conducted remotely; complains (again) about counsel's characterization of the not-yet-scheduled settlement conference; and points out the rather obvious fact that if the parties are able to reach a settlement among themselves, a formal settlement conference will not be necessary.

Most recently, at 4:54 p.m. today, attorney Kramer emailed the Court to forward a copy of an email that he received directly from Ms. Carruthers yesterday, in which she stated, plainly, that she was indeed available the week of September 28, 2026. In his cover email (addressed, oddly, to "Magistrate Moses"),[1] counsel writes, "After 7 years of having to deal with Mr. Carruthers [sic] lengthy manifestos, can the Court finally put an end to this? Have a nice weekend."

Perhaps the Court did not make itself sufficiently clear in its last order. For the avoidance of doubt:

1. The parties are directed, for the ***third*** time, "to confer amongst themselves . . . and provide this Court's staff with three dates – in the fourth quarter of 2026 – on which they are available to appear at an in-person settlement conference." (Dkt. 303 at 5.)

2. The parties are expected to agree upon the potential dates "amongst themselves." Once they have done so, they may provide this Court's staff with "three dates," via email, for an in-person settlement conference in the fourth quarter of this year. The Court does not sit to referee the parties' email communications, and will not accept further communications of the sort submitted today and attached to this Order.

3. If the parties are unable to agree upon three potential dates for the in-person settlement conference by the end of this month, Mr. Kramer may submit a one-page

[1] *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 n.1 (2d Cir. 2025).

letter via ECF, on **July 30, 2026**, advising the Court that they have been unable to agree on dates, ***without argument or color commentary***.

4. Once the Court has addressed and resolved a question – for example, by denying Mr. Carruthers's request to hold the settlement conference remotely – that ruling is the law of the case. Mr. Carruthers is hereby advised that should he persist in filing repetitive requests "recycling arguments already presented and resolved," his improper filings "may be stricken; a filing injunction may be entered; and other sanctions may be imposed." *Moody v. Starbucks Corp.*, 2026 WL 381787, at *6 (S.D.N.Y. Feb. 11, 2026), *appeal dismissed* (June 10, 2026). Motions to reconsider a prior ruling of this Court must be made, if at all, in accordance with Local Civil Rule 6.3. The Local Civil Rules are available at https://nysd.uscourts.gov/rules. The standard for granting a reconsideration motion is "strict," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), and "[t]he burden is on the movant 'to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion.'" *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at *1 (S.D.N.Y. Sept. 27, 2016) (quoting *Ferring B. V. v. Allergan, Inc.*, 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013)).

5. Likewise, motions for filing injunctions or other sanctions must be made, if at all, by noticed motion, in accordance with the governing statute or rule, on the docket. The Court does not take email requests to "put an end to this."

The parties and counsel are hereby notified that this Court and its staff will disregard any future email correspondence from them except for a single email, on or before **July 30, 2026**,

providing three dates in the fourth quarter of 2026 on which the parties are available to appear at an in-person settlement conference.

Dated: New York, NY
July 10, 2026

**SO ORDERED.**



**BARBARA MOSES**
**United States Magistrate Judge**

Robert Kirk Carruthers
Kirk House, Green Lane, Bosham, West Sussex, England, PO18 8NT
Rkcarruthers@gmail.com

9 July 2026

**VIA ECF / EMAIL**

Hon. Barbara C. Moses
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: ABKCO Music & Records, Inc. et al. v. Coda Publishing Ltd. et al., No. 19-cv-11892-KPF - Fall 2026 Settlement Conference Scheduling**

Dear Magistrate Judge Moses,

I write respectfully further to Judge Failla's Order referring this matter to Your Honor for a settlement conference in Fall 2026 and the direction that the parties liaise regarding availability.

I wish to make clear that I have acted promptly and in good faith to assist the scheduling process. I have attempted to engage with Plaintiffs' lead counsel, Mr. Michael B. Kramer, and Plaintiffs' counsel Artemis Croussouloudis, and have provided specific Fall 2026 dates on which I can attend. I have therefore not refused to cooperate with scheduling. On the contrary, I have identified concrete dates and explained the practical constraints affecting my availability.

This case involves multiple parties, counsel, corporate interests, and decision-makers across several jurisdictions and time zones, including New York, California, London, Paris, Shenzhen/China, and the Netherlands. The Defendants are UK-based. Universal Music Group N.V. is a Dutch company. The Official Receiver/liquidator position is UK-based. This is therefore not a local New York dispute in which all parties can readily attend in person at short notice. The Court recognised that this international aspect would present difficulty in organising dates in the short term and stipulated that the conference should take place in the Fall.

Mr. Kramer's letter dated 7 July 2026 requested a settlement conference during the last weeks of September or first weeks of October 2026. I am not available during September or October 2026 because of pre-existing professional commitments. I am an Emmy Award-winning investigative journalist, author, and filmmaker. My calendar is structured around fixed editorial deadlines, studio bookings, film-production commitments, publication deadlines, contractual obligations, trade fairs, and pre-arranged investigative assignments. These are not ordinary diary preferences. They are professional and contractual commitments which cannot simply be cancelled at short notice.

In order to assist the Court and the parties, I have offered the following specific Fall 2026 dates:

1. Tuesday, 17 November 2026.
2. Wednesday, 18 November 2026.
3. Tuesday, 1 December 2026.
4. Tuesday, 8 December 2026.

I have also made clear that morning sessions in New York provide the most practical overlap for participants in New York, London, continental Europe, and Shenzhen/China. In order to accommodate international travel, I would prefer a morning session, but if that cannot be accommodated an afternoon session is acceptable.

As the Plaintiffs are available throughout September and October, it appears likely that similar availability may exist in November and December. It does not seem reasonable to reject the specific dates I have suggested without proper consideration of the international and professional constraints explained in this letter.

I am unavailable during Thanksgiving week, Monday 23 November 2026 through Thursday 26 November 2026. I am also unavailable on Fridays, Saturdays, and Sundays, consistent with the Court's ordinary Monday-to-Thursday scheduling parameters.

I respectfully submit that these dates demonstrate my good-faith effort to comply with the Court's scheduling process. If Plaintiffs contend otherwise, that position would not reflect the actual steps I have taken to provide specific availability.

I also respectfully ask the Court to consider whether the settlement conference should be conducted remotely, or whether remote attendance should be permitted for non-New York parties and representatives. Prior conferences and depositions in this litigation for the last six years have all been conducted remotely. Remote participation has permitted meaningful participation by non-US parties and has enabled the litigation to proceed despite the obvious international and logistical difficulties.

I have not been represented by counsel after 17 January 2026, when Joshua Ray informed me in writing that my arrangement was terminated. My pro se status makes remote access more, not less, appropriate. It reduces expense, avoids unnecessary procedural prejudice, and maximises the prospect that all relevant participants can attend and engage constructively.

I also have medical and logistical constraints, including the lasting effects of brain injury and kidney failure, matters of which Plaintiffs' counsel is aware from my deposition evidence. These constraints further support remote attendance or, at minimum, careful scheduling which takes account of the realities of international travel, return travel, health, and professional commitments.

I respectfully do not accept Plaintiffs' suggestion that the settlement conference should be used to test whether UK Defendants will attend trial in person, investigate assets, or "flush out" whether Defendants intend to appear at trial. The matter has been referred for a settlement conference. The purpose of that process should be settlement. It should not become a tactical device to impose disproportionate travel burdens on UK-based pro se litigants or to create forensic prejudice from the practical difficulty of international attendance.

For the avoidance of doubt, I remain willing to participate in good faith in a Fall 2026 settlement conference. I have offered specific dates. I have attempted to liaise. I respectfully request that the Court record that my availability is limited to the dates identified above and that I do not consent to any implication that I am generally available to attend in New York during September or October 2026.

Nothing in this letter should be taken as a waiver of my position that remote attendance is necessary and appropriate in all the circumstances, including the international nature of the case, the number of parties

involved, the involvement of non-US corporate and insolvency interests, the prior history of remote participation, my medical and logistical position, my pro se status since 17 January 2026, and the practical impossibility of requiring a UK-based investigative journalist, author, and filmmaker to travel to New York at short notice.

Respectfully submitted,

Robert Kirk Carruthers

Defendant pro se

Emmy Award-winning Investigative Journalist, Author and Filmmaker

Rkcarruthers@gmail.com

**Robert Kirk Carruthers**
Kirk House
Green Lane
Bosham
West Sussex
England PO18 8NT
Telephone: 07711 556595
Email: rkcarruthers@gmail.com

**July 10, 2026**

**BY ECF**

The Honorable Barbara C. Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: ABKCO Music & Records, Inc., et al. v. Coda Publishing Ltd., et al.**

**Case No. 19-cv-11892 (KPF) (BCM)**
**Urgent Correction of Plaintiffs' Counsel's Representation Concerning Clare Carruthers; Request for Remote Participation; and Existing Settlement Discussions**

Dear Judge Moses:

I write promptly and narrowly in response to the email sent by Plaintiffs' counsel, Michael B. Kramer, at 5:38 p.m. today, July 10, 2026.

This letter does not seek to reopen liability issues. It addresses three immediate matters directly relevant to the organisation and utility of the settlement conference: (1) Mr. Kramer's inaccurate representation concerning my wife, Clare Carruthers; (2) the medically necessary request that Mrs. Carruthers and I participate remotely; and (3) Mr. Kramer's express confirmation that direct settlement negotiations are already underway and could render a judicial settlement conference unnecessary.

## 1. Mr. Kramer does not represent Clare Carruthers and cannot consent on her behalf

Mr. Kramer wrote:

> *"I understand that those dates are fine with the defendant Clare Gambold Carruthers."*

He then asked Mr. Davies:

> *"Do you intend to appear in person at the settlement conference? If so, please let me know if you are available the week suggested by Plaintiffs and Ms. Gambold."*

This wording creates a materially inaccurate impression.

Clare Carruthers is my wife, but she is an independent defendant. Mr. Kramer does not represent her. He has no authority to speak for her, to state her position, or to convert an indication that a particular week may be available into consent to undertake an international journey and attend physically in New York.

Mrs. Carruthers did not agree to appear in person. She did not state that she was medically fit to fly to New York. She did not waive her right to request remote participation. She did not authorise Mr. Kramer to represent to the Court or the other parties that she had accepted physical attendance.

Her position is clear: the week beginning September 28, 2026 may be capable of being reserved, but she requests to attend remotely.

Availability on particular dates and agreement to a particular mode of attendance are entirely different matters. Mr. Kramer's email improperly conflates them.

Mrs. Carruthers is not "fine." She has health issues and is not presently well. Like me, she lives approximately 3,400 miles from the Court. A transatlantic journey would impose a serious and unnecessary physical burden upon her.

Mr. Kramer's apparent assumption that she can attend physically is not supported by anything she has said. Nor is he entitled to make representations concerning her health, travel capability, consent or personal circumstances.

### 2. Both Mrs. Carruthers and I request remote participation

Mrs. Carruthers and I respectfully request permission to participate in any settlement conference by secure video link.

This is not a refusal to attend or participate. It is a request for a reasonable and effective mode of participation that takes account of our respective health conditions; the approximately 3,400-mile distance between our home and the Court; the substantial burden and cost of international travel; the fact that the purpose of the conference is discussion and negotiation rather than the taking of live evidence; and the availability of secure video, electronic document exchange and confidential virtual caucus rooms.

A remotely conducted conference would allow full participation without exposing medically affected parties to unnecessary international travel. The fact that Plaintiffs may prefer an in-person conference does not resolve the matter. The mode of attendance is a matter for the Court, not for Plaintiffs' counsel to determine unilaterally.

### 3. Plaintiffs' counsel cannot prescribe the scope or outcome of the settlement conference

Mr. Kramer states:

> *"The settlement conference deals solely with the amount of money defendants and prepared to pay to Plaintiffs and whether that amount is acceptable to the Plaintiffs."*

Apart from the apparent typographical omission in that sentence, it presents a settlement conference as a one-directional process in which Defendants are required to propose payment and Plaintiffs alone decide whether it is acceptable.

That is Mr. Kramer's characterisation. It is not an order of this Court.

A settlement conference is not simply an occasion on which one side dictates a monetary demand and the other side is expected to capitulate. A lawful settlement requires informed, voluntary and reciprocal engagement. It may require consideration of the identity and authority of the parties and representatives attending, the form and scope of releases, costs and attorneys' fees, the financial ability of any party to perform, confidentiality provisions, and whether the proposed agreement would finally and lawfully resolve the dispute.

Mr. Kramer cannot decide in advance what the Court may consider or what terms may be necessary to produce a final and enforceable resolution.

### 4. Mr. Kramer has expressly invited settlement offers outside the conference

Mr. Kramer's July 10 email must also be considered alongside his email of July 9, 2026. In that earlier email, Mr. Kramer expressly demanded that Mr. Davies and I make a monetary offer and stated that an acceptable offer could eliminate the need for both the settlement conference and the damages trial.

He wrote, in capital letters:

> *"THE ONLY THING TO BE TRIED IN RESPECT OF YOU AND MR. DAVIES IS HOW MUCH IN DAMAGES, COSTS AND ATTORNEYS' FEES YOU OWE THE PLAINTIFFS. NOTHING ELSE."*

He then wrote:

> *"If you really do not want to come to New York, I suggest that you make a substantial monetary offer acceptable to the Plaintiffs sooner rather than later."*

Most significantly, he wrote:

> *"I stand ready to respond to any offer you and Mr. Davies might make. If by some miracle you come up with an acceptable offer you would avoid having to come to New York for the conference and the trial."*

Those words are important because Plaintiffs' counsel has expressly confirmed that:

1. Plaintiffs are presently prepared to receive a settlement proposal;
2. Plaintiffs are prepared to respond to a settlement proposal outside the judicial conference;
3. settlement communications have therefore commenced;
4. an acceptable agreement would avoid the need for the settlement conference; and
5. an acceptable agreement would also avoid the damages trial.

That is direct evidence that a judicial settlement conference may become unnecessary if the existing settlement process is pursued constructively.

Before requiring two medically affected defendants to undertake a 6,800-mile round trip, the parties should be directed to exchange concrete written settlement proposals and determine whether agreement can be achieved without physical attendance in New York. At a minimum, that process may narrow the issues sufficiently for any remaining conference to be conducted efficiently by video.

## 5. The Court should have the complete July 10 email

For accuracy and transparency, the full email received from Mr. Kramer at 5:38 p.m. on July 10, 2026, is reproduced in Appendix A below.

The email is relevant because it represents that the week beginning September 28 is “fine” with Mrs. Carruthers without explaining that she has not agreed to attend physically; asks whether Mr. Davies intends to “appear in person” while treating Mrs. Carruthers’ position differently; purports to define the sole permitted content of the settlement conference and the issues at any future trial; threatens to seek the striking of my previous letters; and does not acknowledge the health and distance issues affecting either Mrs. Carruthers or me.

A request that the Court correct the record concerning a defendant’s consent, health and intended mode of attendance is not an attempt to reopen liability. It is directly relevant to the scheduling and conduct of the settlement conference.

## 6. Relief respectfully requested

I respectfully request that the Court:

6. record that Mrs. Carruthers has not agreed to attend a settlement conference physically in New York;
7. record that identifying the week beginning September 28, 2026 as potentially available did not constitute consent to international travel or physical attendance;
8. direct that Plaintiffs’ counsel should not make representations concerning Mrs. Carruthers’ consent, health, availability or intended mode of attendance without her express written authority;
9. permit Mrs. Carruthers to participate remotely by secure video conference;
10. permit me to participate remotely by secure video conference in light of my own health issues and the approximately 3,400-mile distance from the Court;
11. direct the parties first to exchange concrete written settlement proposals, in light of Mr. Kramer’s express confirmation that an acceptable agreement could avoid both the conference and the trial;
12. defer any requirement for international travel while those settlement discussions are actively progressing;
13. alternatively, convene a short remote case-management conference to determine the proper structure, participants and mode of attendance for the settlement process; and
14. grant such further relief as the Court considers just and appropriate.

Mrs. Carruthers and I remain willing to participate constructively in genuine settlement discussions. Our request for remote participation is not obstruction. It is the most practical, proportionate and medically responsible means of ensuring our full participation.

Respectfully submitted,

**Robert Kirk Carruthers**

Defendant Pro Se
Kirk House, Green Lane
Bosham, West Sussex, England PO18 8NT
Telephone: 07711 556595
Email: rkcarruthers@gmail.com
cc: Michael B. Kramer; Artemis Croussouloudis; Clare Carruthers; Gwilym Davies; all other counsel and parties required to be served

## APPENDIX A

### Email from Michael B. Kramer received at 5:38 p.m. on July 10, 2026

**From:** Michael B. Kramer
**Time:** 17:38
**To:** Robert Carruthers; Clare Carruthers; Gwilym Davies; Artemis Croussouloudis
As directed by Magistrate Judge Moses, the Plaintiffs are available to appear in person for the settlement conference any days during the week beginning September 28, 2026. I understand that those dates are fine with the defendant Clare Gambold Carruthers. Mr. Davies, I have not heard from you. Do you intend to appear in person at the settlement conference? If so, please let me know if you are available the week suggested by Plaintiffs and Ms. Gambold.

Mr. Carruthers, you were ordered by Judge Failla to cease writing your expansive letters raising issues that are no longer before the Court. The settlement conference deals solely with the amount of money defendants and prepared to pay to Plaintiffs and whether that amount is acceptable to the Plaintiffs. Similarly, if no settlement is reached, as it pertains to you and Mr. Davies the trial deals only with the issue of damages, costs, and attorneys' fees you and Mr. Davies will have to pay to the Plaintiffs. I will request that you last two letters filed on ECF be stricken from the docket as non-compliant with the scheduling of the settlement conference.

Michael

Michael B. Kramer
Michael B. Kramer & Associates
488 Madison Avenue Suite 1120
New York, New York 10022
(t) 212.319.0304
Web: www.mkramerlaw.com

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.
****************************************************
This e-mail message and its attachments are confidential, intended only for the addressee(s) named above and may contain information that is proprietary, privileged, attorney work product or otherwise exempt from disclosure. If you receive this message in error please notify us at epatras@mkramerlaw.com and immediately delete this message and its attachments from your system.
****************************************************

## APPENDIX B

### Material passages from Michael B. Kramer's email dated July 9, 2026

Mr. Kramer wrote:

> *"THE ONLY THING TO BE TRIED IN RESPECT OF YOU AND MR. DAVIES IS HOW MUCH IN DAMAGES, COSTS AND ATTORNEYS' FEES YOU OWE THE PLAINTIFFS. NOTHING ELSE."*

He continued:

> *"If you really do not want to come to New York, I suggest that you make a substantial monetary offer acceptable to the Plaintiffs sooner rather than later."*

He then expressly confirmed:

> *"I stand ready to respond to any offer you and Mr. Davies might make. If by some miracle you come up with an acceptable offer you would avoid having to come to New York for the conference and the trial."*

Those statements demonstrate that Plaintiffs' counsel has invited immediate settlement proposals and accepts that successful direct negotiations would make both the settlement conference and damages trial unnecessary.

**Moses NYSD Chambers**

**From:** Michael B. Kramer <mkramer@mkramerlaw.com>
**Sent:** Friday, July 10, 2026 4:54 PM
**To:** Moses NYSD Chambers
**Cc:** Artemis Croussouloudis; Bob Carruthers; Clare Gambold
**Subject:** FW: Settlement Conference Dates - Abkco Music et al v Coda Publishing Ltd et al

**Follow Up Flag:** Flag for follow up
**Flag Status:** Flagged

**CAUTION - EXTERNAL:**

Magistrate Moses--- Below is the email I received from Clare Gambold Carruthers **yesterday** properly setting forth her availability. I believe this puts the lie to Mr. Carruthers latest email. As with Ms. Gambold Carruthers, my clients accept any day or days of the week commencing September 28, 2026. After 7 years of having to deal with Mr. Carruthers lengthy manifestos, can the Court finally put an end to this? Have a nice weekend.

Michael B. Kramer
Michael B. Kramer & Associates
488 Madison Avenue Suite 1120
New York, New York 10022
(t) 212.319.0304

Web: www.mkramerlaw.com
This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**************************************************

This e-mail message and its attachments are confidential, intended only for the addressee(s) named above and may contain information that is proprietary, privileged, attorney work product or otherwise exempt from disclosure. If you receive this message in error please notify us at epatras@mkramerlaw.com and immediately delete this message and its attachments from your system.

**************************************************

---

**From:** Clare Gambold <claregambold@gmail.com>
**Sent:** Thursday, July 9, 2026 5:54 AM
**To:** Michael B. Kramer <mkramer@mkramerlaw.com>
**Cc:** Artemis Croussouloudis <Artemis@mkramerlaw.com>; Gwilym Davies <angloatlantic@gmail.com>; Bob Carruthers

<rkcarruthers@gmail.com>
**Subject:** Settlement Conference Dates - Abkco Music et al v Coda Publishing Ltd et al

Dear Mr Kramer,

I have received Judge Moses' chambers' email requesting that the parties provide three mutually available dates for the settlement conference.

My availability currently is:

- ...Week Commencing 28th September 2026
- ...Week Commencing 26th October 2026
- ...Week Commencing 16th November 2026

Kind regards,

Clare Carruthers

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.