USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 09/29/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABKCO MUSIC & RECORDS, INC., et al.,
Plaintiffs,
-against-
CODA PUBLISHING, LTD., et al.,
Defendants.

19-CV-11892 (KPF) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By letter-motion dated September 17, 2026 (Dkt. 314), plaintiffs seek leave to move for sanctions against pro se defendant Robert Carruthers, pursuant to Fed. R. Civ. P. 11, arising out of a series of abusive emails sent to one of plaintiffs' attorneys by Carruthers between September 6 and September 17, 2026 (Dkt. 314-1), including:

a) A September 6, 2026 email to one of plaintiffs' attorneys, Artemis Croussouloudis, Esq., attaching a lengthy, rambling, and disjointed letter, addressed to Ms. Croussouloudis, threatening her with unspecified legal action, in an unspecified forum, arising out the differences between a pre-litigation letter that plaintiffs' principal attorney Michael B. Kramer sent on March 27, 2019, and plaintiffs' subsequent pleadings in this action; offering to "settle" Mr. Carruthers's "forthcoming English claim" for £7,000,000 (payable, presumably, to him); and demanding that Ms. Croussouloudis answer a series of 26 written questions concerning her work in this case and the evidence supporting plaintiffs' claims, *see* Dkt. 314-1 at ECF pp. 2-21;

b) A September 14, 2026 email to Ms. Croussouloudis, attaching a lengthy, rambling, and disjointed letter to Lockton Companies, LLP, accusing Mr. Carruthers's former attorney, Joshua Ray, of insurance fraud, *see id.* at ECF pp. 22-34;

c) Another September 14, 2026 email to Ms. Croussouloudis (and others), "concerning the insurance fraud by Joshua Ray," *see id.* at ECF pp. 35-49;

d) Another September 14, 2026 email to Ms. Croussouloudis (and others), attaching a lengthy, rambling, and disjointed letter to Mr. Ray regarding his alleged criminal conduct, *see id.* at ECF pp. 50-68;

e) Another September 14, 2026 email to Ms. Croussouloudis, asking her to confirm that she "assumed the roll [sic] of Lead Attorney on 22nd April 2022," *see id.* at ECF p. 69;

f) A September 15, 2026 email to Ms. Croussouloudis (and others), attaching a lengthy, rambling, and disjointed letter, addressed to Ms. Croussouloudis, challenging plaintiffs' factual allegations and legal claims in this action and demanding that Ms. Croussouloudis, as "lead attorney," answer a series of questions about "what [she] reviewed, what [she] knew, what [she] put before the Court, what [she] corrected, and what [she] continued to advocate," *see id.* at ECF pp. 70-105; and

g) A September 16, 2026 email to Ms. Croussouloudis, attaching a lengthy, rambling, and disjointed letter, addressed to Ms. Croussouloudis, concerning her "personal professional responsibility" in this action. In this letter Mr. Carruthers charges that there has been "fraud-upon-the-Court" arising out of the differences between the pre-litigation letter that Mr. Kramer sent on March 27, 2019 and plaintiffs' subsequent pleadings; suggests that Ms. Croussouloudis has violated Rule 11 and/or the New York Rules of Professional Responsibility; and demands that she respond to a series of some 40 questions concerning her conduct (and that of her

colleagues at Michael B. Kramer & Associates) in this action, *see id.* at ECF pp. 106-16.

Also on September 16, 2026, Ms. Croussouloudis sent a short email to Mr. Carruthers, advising that he "should not be writing to us directly other than to change [his] offer of settlement;" asking him to file any other communications "on PACER;" and reminding him that that there are no triable issues remaining in this case (as to him) "other than the amount of damages." Dkt. 314-2 at ECF p. 4. In response, Mr. Carruthers sent:

h) A September 17, 2026 email to Ms. Croussouloudis, attaching a lengthy, rambling, and disjointed letter, addressed to Ms. Croussouloudis, rehashing his theories about the differences between the pre-litigation letter and the plaintiffs' pleadings, as well as Ms. Croussouloudis's role as "lead counsel," and once again demanding that she answer detailed written questions ("with supporting documents") concerning her conduct (and that of her colleagues) in this action. *See* Dkt. 314-1 at ECF pp. 117-29.

Notwithstanding his torrent of emails to Ms. Croussouloudis, Mr. Carruthers did not respond to plaintiff's September 17, 2026 letter-motion seeking leave to move for sanctions.

Although plaintiffs' letter-motion is addressed to the Hon. Katherine Polk Failla, United States District Judge, it is within the scope of my settlement reference, at least to the extent that Mr. Carruthers's conduct violates my Order Scheduling Settlement Conference (Scheduling Order) (Dkt. 312), which it does. Consequently, the matter is resolved as follows:

1. Mr. Carruthers's letters, while clearly both meritless and personally abusive, do not appear to implicate Rule 11, which generally applies to papers "present[ed] to the court," rather than to correspondence between parties or their counsel. *See* Fed. R. Civ. P. 11(b). And while there

are other mechanisms through which the Court can sanction off-docket abusive conduct (including conduct by pro se litigants), it would be both inefficient and counterproductive to entertain a motion for sanctions at this juncture, with the settlement conference less than two months away and trial scheduled for February 22, 2027. *See* Dkt. 296. I note as well that – unlike Mr. Carruthers's earlier threats against various individuals associated with the Music Publishers Association (MPA) and the Mechanical-Copyright Protection Society (MCPS), which resulted in sanctions[1] – in this instance the threatening letters are addressed to plaintiffs' counsel (and to Mr. Carruthers's former counsel) rather than to third-party witnesses who could be intimidated. Consequently, leave to file a motion for sanctions pursuant to Rule 11 is DENIED, without prejudice to renewal after trial (or on such other schedule as the District Judge may set) in the event Mr. Carruthers persists in his harassing conduct. *See Rhee-Karn v. Lask*, 2025 WL 3154432, at *3 (S.D.N.Y. Nov. 11, 2025) (a district court "retains jurisdiction to resolve collateral issues," including "motions for sanctions," even after judgment is entered and an appeal is filed) (collecting cases).

2. Mr. Carruthers is reminded that discovery has long closed; that summary judgment has been granted against him as to substantially all of plaintiffs' claims, *see* Dkts. 257, 258; and that the only triable issue remaining in this case, as to him, is the quantum of damages to be assessed against him. To the extent his recent correspondence attacks plaintiffs' pleadings, seeks to challenge the factual and legal bases of plaintiffs' claims, or seeks additional discovery concerning those claims, he is not only engaging in meritless and abusive litigation tactics; he is wasting ink. A party may, of course, challenge an adverse summary judgment decision on appeal from a final judgment. But Mr. Carruthers may not attack Judge Failla's summary judgment

---

[1] *See* Dkt. 258 at 67 ("I find that the conduct in which Coda and Mr. Carruthers engaged was undertaken without justification, it was hidden from their counsel, it was an effort to subvert this litigation, it was taken in bad faith, and it injured plaintiffs in their ability to obtain information from the MPA. . . . I therefore find that sanctions are warranted.").

decision, in this Court, under the pretense of attempting to "settle" claims that he has not brought – and that are all premised, directly or indirectly, on his contention that *plaintiffs'* claims are somehow fraudulent. Consequently, plaintiffs and their counsel were under no obligation to respond Mr. Carruthers's recent correspondence, and likewise need not respond to any similar correspondence in the future.[2]

3. Mr. Carruthers is further reminded that the parties are required to engage in at least one good-faith settlement negotiation, and to convey to plaintiffs at least one good-faith settlement demand or offer, at least two weeks in advance of the settlement conference. *See* Scheduling Order ¶¶ 2, 3. "Good faith" settlement negotiations are negotiations concerning the parties' *actual* claims in *this* case – that is, the claims and issues remaining to be tried – not the hypothetical claims that Mr. Carruthers has recently threatened to bring against plaintiffs' counsel in some other forum. Consequently, if and to the extent Mr. Carruthers believes his September 6, 2026 email and letter complied with the Scheduling Order, he is mistaken. Fortunately, there is still sufficient time before the November 17, 2026 settlement conference for Mr. Carruthers to comply with his settlement obligations, including the submission of his confidential settlement letter to the undersigned Magistrate Judge no later than November 3, 2026. *See* Scheduling Order ¶ 3.

Dated: New York, NY
September 29, 2026

**SO ORDERED.**



**BARBARA MOSES**
**United States Magistrate Judge**

[2] Mr. Carruthers is correct about one thing, *see* Dkt. 314-1 at ECF p. 123: generally speaking, copies of correspondence between opposing parties and/or their counsel (including correspondence between a pro se party and an opposing party's counsel) should not be filed on the Court's electronic docket, except as exhibits to an otherwise appropriately-filed document (such as a letter-motion). *See* Failla Ind. Rules of Practice §§ 2(B), 2(b)(i): Moses Ind. Practices § 1(h); Order dated July 10, 2026 (Dkt. 305) ¶ 2 ("The Court does not sit to referee the parties' email communications.").