USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 11/12/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABKCO MUSIC & RECORDS, INC., et al.,
Plaintiffs,
-against-
CODA PUBLISHING, LTD., et al.,
Defendants.

19-CV-11892 (KPF) (BCM)

**ORDER ADJOURNING SETTLEMENT CONFERENCE**

**BARBARA MOSES, United States Magistrate Judge.**

An in-person settlement conference is scheduled to take place before this Court five days hence, on November 17, 2026, at 2:15 p.m., in Courtroom 20A, 500 Pearl Street, New York, NY 10007. By order dated November 9, 2026 (Dkt. 317), this Court directed the parties to comply, no later than November 11, 2026, with their various pre-conference settlement responsibilities pursuant to the Order Scheduling Settlement Conference (Scheduling Order) (Dkt. 312) and other orders of this Court.

Plaintiffs have updated their confidential settlement letter, as required.

Defendant Clare Gambold has submitted her Acknowledgment Form, as required. Additionally, Gambold filed a motion to adjourn the conference or permit her to attend remotely on the ground that she failed to apply electronically for a visa waiver until November 9, 2026, at which point her application was denied, requiring her to apply for a U.S. visitor visa, which is a lengthier process. *See* Dkt. 319 at 1.

Defendant Gwilym Davies has made a settlement offer directly to plaintiffs, as required, and has submitted an updated confidential settlement letter through his newly-retained limited-scope counsel. Additionally, Davies filed a motion for leave to attend the settlement conference remotely, on the ground that an unspecified medical condition prevents him from traveling to New York. *See* Dkt. 321 at 1. It is unclear whether Davies has obtained a visa or a visa waiver.

Defendant Carruthers continues to disregard this Court's orders. He has failed to make a good-faith (or any) new settlement proposal to plaintiffs; failed to submit a confidential settlement letter to the Court; and failed to submit an Acknowledgment Form.

Defendant Gambold's motion is GRANTED to the extent that the settlement conference is hereby ADJOURNED to **January 5, 2027**, at **2:00 p.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. If that date is unreasonably inconvenient for any party, that party must ***promptly*** meet and confer with all other parties to arrange a more convenient date for a 2:00 p.m. settlement conference ***during the first three weeks of January***, and submit a letter-motion requesting that the Court reschedule the settlement conference accordingly. Before making such a request, counsel may contact chambers by telephone for the limited purpose of ascertaining the Court's availability.

During the adjournment, the Court encourages the parties to continue settlement negotiations amongst themselves. No later than **December 29, 2026** (or seven days before the settlement conference, if it is rescheduled), the parties must submit updated confidential settlement letters and Acknowledgment Forms, *confirming that they will appear in person, as required, for the settlement conference*. All other provisions of the Scheduling Order remain in effect.

Defendant Davies' motion is DENIED. He has known since June that the settlement conference (like the trial, which is scheduled for February 22, 2027, *see* Dkt. 296) will require his in-person attendance. *See* Dkt. 297 at 3. This Court has reiterated the point many times since. *See, e.g.*, Dkt. 303 at 2; Dkt. 305 at 1-3; Scheduling Order at 1; Dkt. 313 at 1. Davies' vague reference, at the very last minute, to "a medical condition" – coupled with an equally vague representation that he has made an appointment with his healthcare provider to "obtain documentation of that condition," Dkt. 321 at 2 – is a wholly inadequate basis for the relief he seeks.

The parties are reminded that they will be required to appear in person for trial. If they fail to do so, a default judgment may be entered against them. *See*, *e.g.*, *Sabatino v. Emeana*, 13 F. App'x 36 (2d Cir. 2001) (summary order affirming entry of default judgment against defendant who "failed to appear for trial and failed to provide discovery demanded to test whether his claim of medical emergency was legitimate"); *Fine Shoe Co. v. Buckray, Inc.*, 131 F.R.D. 58, 59 (S.D.N.Y. 1990) ("It is appropriate for a district court to declare a default when a party and its counsel fail to appear at trial after receiving notice.").

The parties are further reminded that failure to comply with this Court's orders, including settlement-related orders, may be grounds for sanctions, including monetary sanctions. *See* Fed. R. Civ. P. 16(f)(1)(A)-(C); *Thrane v. Metropolitan Transp. Auth.*, 2018 WL 840043, at *4 (E.D.N.Y. Feb. 12, 2018) (sanctioning defendant for failing to send "someone with full settlement authority" to judicially supervised settlement conference as required by magistrate judge's order); *Kerestan v. Merck & Co. Long Term Disab. Plan*, 2008 WL 2627974, at *1 (S.D.N.Y. July 2, 2008) (sanctioning plaintiff because his "guardian/conservator did not appear at the settlement conference as ordered"); *Bulkmatic Transp. Co. v. Pappas*, 2002 WL 975625, at *2-4 (S.D.N.Y. May 9, 2002) (sanctioning defendant's counsel for failing to attend mediation).

The Clerk of Court is respectfully directed to close the motions at Dkts. 319 and 321. Plaintiffs' counsel is directed to promptly serve a copy of this Order upon each unrepresented defendant by email, and file proof of such service upon the docket.

Dated: New York, New York
November 12, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**